IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40882
Conference Calendar
_____

DAVID C. JOHNSON; ET AL,

                                        Plaintiffs,

DAVID C. JOHNSON,                       Plaintiff-Appellant,

versus

AEDPA, ANTITERRORISM AND EFFECTIVE
DEATH PENALTY ACT, (c/o Janet Reno,
U.S. Attorney General); U.S. CONGRESS,
United States Congress (c/o Trent Lott
Senate Majority Leader),

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:00-CV-88
--------------------
June 14, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     David C. Johnson, Texas state prisoner No. 295880, appeals
the district court's denial of his motion to proceed in forma
pauperis (IFP) on appeal following the dismissal of his 28 U.S.C.
§§ 2201, 2202 action as frivolous.  By moving for IFP status,
Johnson is challenging the district court's certification that

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

IFP status should not be granted on appeal because his appeal is frivolous and is not taken in good faith. See <u>Baugh v. Taylor</u>, 117 F.3d 197, 202 (5th Cir. 1997).

Johnson has failed to show that the claims that were dismissed present nonfrivolous issues for appeal. Accordingly, the district court's order certifying that the appeal is frivolous is upheld. Johnson's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See <u>id</u>. at 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal. See <u>Adepegba v. Hammons</u>, 103 F.3d 383, 385-87 (5th Cir. 1996). Johnson is warned that if he accumulates one more "strike" pursuant to 28 U.S.C. § 1915(g), he may not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.